UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 5:09 cr 50115 |
| | ) | |
| Plaintiff, | ) | SENTENCING MEMORANDUM |
| -vs- | ) | |
| | ) | |
| LARRY HOPKINS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW, LARRY HOPKINS, by and through his attorney of record, Lorie D. Melone and files this Sentencing Memorandum in support of his specific sentencing request for probation with an imposition of restitution. This memorandum is made pursuant to the United States Supreme Court decisions in *United States v. Booker*, 543 U.S. 220 (2005), *Rita v. United States*, 127 S. Ct. 2456 (2007), and *United States v. Gall*, 128 S.Ct. 586 (2007), and is respectfully submitted to provide information to assist the Court in fashioning a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. § 3553(a).

## FACTS

A.  Offense Related Facts.

The Defendant is a Veteran of the United States Army and served in Vietnam

from 1967-1970. He received an Honorable Discharge. At the age of seventeen (17), he enlisted. Prior, he had been raised by an extremely abusive step-father beginning at the age of four (4). He was forced to use the step-father's last name, "King". At the age of thirteen (13), Larry was taken out of school by his step-father to work at King Logging.  The step-father told Larry he didn't need anymore schooling other than reading, writing  and arithmetic.  So, he was placed in logging camps.  These camps were in the wilderness.

Larry was a 13 year old boy working as a choker setter doing a man's job. He also had additional jobs which had to be completed before he could eat. More often than not, by the time he completed said tasks, there was nothing left to eat.  The step-father would say, "you haven't worked hard enough to eat beans boy" so he fed Larry mush.  Larry was often made the "butt" of the jokes. For the step-father's entertainment, he would look at the other loggers and tell them Larry said "stuff" about them forcing a fist fight with men while his step-father placed bets.

At the age of seventeen (17), Larry's sister became pregnant outside of wedlock. Larry made the mistake of sharing that with an adult logger.  The step-father took his 30/30 shoot gun out of the closet and said, "Why, I ought'a shoot you boy.  What right do you have telling anybody your sister is pregnant." Due to this incident,  Larry was kicked out of the house with two boxes of clothes in the middle of the wilderness.  A trucker then picked him up walking and gave Larry

$100.00. He took him Aunt and Uncles residence.  Larry was raised by his Aunt and Uncle and spent the rest of his life hiding from his step-father and mother.

Larry began his exposure to the Court system at that time.  The Court stepped in and gave him a choice between military or a boys' home for neglected children.  He chose the military. That was the first time he used his birth name of Larry Hopkins.

At the age of twenty-one (21),  he entered the entertainment business and used the name of Johnny Horton, Jr. which he has used ever since.  Any other names used were associated with either his middle name or a nickname. The relationship between Larry Hopkins and his step-father Albert King was never healed.

Larry will be sixty-two (62) years of age in June and has been diagnosed with lymphoma skin cancer.  He suffers from additional health problems. Larry has a scheduled biopsy on the 19th of April, 2011.However, he is a good musician and recording artist.  He has been inducted into the Traditional Country Opre and has an independent label, Star Dust Records.   He has a paying concert on the 13th and 17th of April, 2011 in Nashville.

Larry has never met the child of whom he owes support.  He had been advised, while he was in prison that the child had died.  He is willing to pay support and make every attempt to continue to do so as a condition of his probation, if

granted.

## ARGUMENT AND AUTHORITIES

A.  Introduction.

District courts are free to engage in the fact finding necessary to satisfy the complete objectives of 18 U.S.C. § 3553(a) without regard to the guidelines. "The sentencing judge has access to, and greater familiarity with, the individual case and the individual Defendant before him than the Commission or the appeals court." *Rita* at 2469. The Supreme Court has determined that the sentencing judge must be free to disagree with the guidelines, based on policy alone, in pronouncing a sentence. *Rita*, 127 S. Ct. at 2465.

Appropriate Sentence Pursuant to § 3553(a)

Section 3553(a) requires courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)." (Emphasis added). Section 3553(a)(2) states that such purposes are: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In this case, failure to pay child support has an impact on the community as a

whole and directly impacts a child's standard of living. However, it is not a violent offense. Twenty-four months in a federal prison for a financial debt does not provide deterrence. Imprisonment for this crime only increases the restitution amount.

Five years of probation, as opposed to imprisonment, would afford the Defendant time to pay restitution. 18 U.S.C. § 3553(a)(7); U.S. v. Peterson 363 F. Supp. 2d 1060 (E.D. Wisc. 2005) and U.S. v. Coleman, 370 F. Supp. 2d 661 (S.D. Ohio 2005).

Section 3553(a) further directs sentencing courts to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the sentencing range established by the guidelines; (4) any pertinent policy statement issued by the Sentencing Commission; (5) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

In the present case, the relevant § 3553(a) factors warrant a sentence of probation. A period of probation with conditions is more than sufficient to reflect the seriousness of the crime, provide just punishment, afford adequate deterrence, protect the public and provide the Defendant with the ability to meet family needs.

The guidelines carry no special weight and, indeed, the Court can find that a sentence outside the guideline range is appropriate because "the Guidelines sentence itself fails properly to reflect § 3553(a) considerations," or "<u>the case warrants a different sentence regardless</u>." *Rita,* 127 S. Ct. at 2465 (emphasis supplied). The Court must simply reach a reasonable sentence based upon all of the § 3553(a) factors.

Larry's advisory guideline range set forth is over the Statutory maximum. He would serve 24 months, in accordance with the guidelines. However, he is statutorily eligible for probation. Probation can be imposed so long as the court imposes "a condition or combination of conditions requiring a period of community confinement, home detention, or intermittent confinement sufficient to satisfy the minimum term of imprisonment specified in the guideline range." U.S.S.G. § 5B1.1, commentary note 1(b). Thereafter, the Court should further provide a departure or variance from imprisonment to probation based on Larry's health and history with the military.

**CONCLUSION**

Larry Hopkins requests that the Court provide him a sentence of probation because restitution is an issue in this case. Larry Hopkins is capable of earning a living. As the Court is mindful of the extraordinary expense of an incarceration sentence in this case, to incarcerate the Defendant would force society to pay rather

than have Larry Hopkins earn a living to pay back his child support obligation to the victim. For all of the reasons set forth herein above, Defendant requests probation.

      Dated this 6th day of April, 2011.

                              Respectfully submitted,

                              LORIE D. MELONE, PC
                                         /s/Lorie D. Melone
                              Lorie D. Melone
                              Attorney for Defendant
                              1107 Mt. Rushmore Road
                              Rapid City, SD 57701
                              Telephone: 605-791-4950
                              Facsimile: 605-791-4950
                              loriemelone@midconetwork.com

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the Defendant's Sentencing Memorandum was mailed electronically to:

>Carolyn G. Olson
>Assistant U.S. Attorney
>515 Ninth Street, Room 201
>Rapid City, SD 57701

Dated this 6th day of April, 2011.

>Respectfully submitted,
>/s/ Lorie D. Melone
>Lorie D. Melone